# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CRIMINAL ACTION |
| Plaintiff, | ) | No. 05-20113-01-KHV |
| | ) | (Civil Action No. 14-2466) |
| v. | ) | |
| | ) | CRIMINAL ACTION |
| FABIAN DUNBAR, | ) | No. 10-20076-13-KHV |
| | ) | (Civil Action No. 14-2468) |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On September 15 and 16, 2014, defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84 in No. 05-20113-01 and Doc. #598 in No. 10-20076-13). This matter is before the Court on defendant's Motion To Recuse (Doc. #86 in No. 05-20113-01 and Doc. #603 in No. 10-20076-13) filed February 2, 2015 and defendant's Motion For Appointment Of Counsel (Doc. #85 in No. 05-20113-01 and Doc. #599 in No. 10-20076-13) filed October 6, 2014.[1] For reasons stated below, the Court overrules defendant's motion to recuse, but sustains his motion for appointment of counsel.

## I. Motion For Recusal

Defendant asks the undersigned judge to recuse from deciding his Section 2255 motion because of bias. Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their partiality might reasonably be questioned. Switzer v. Berry, 198 F.3d 1255, 1257 (10th Cir. 2000); see also Code of Conduct for United States Judges, Canon 3, § C(1)

---

[1] The motions to recuse and for appointment of counsel filed in the two cases are substantively identical. Defendant has filed his motions and his companion motion to vacate his sentence with the assistance of Jill M. Wichlens, Assistant Federal Public Defender for the District of Colorado, who represented him on direct appeal.

(judge shall disqualify herself in proceeding in which judge's impartiality might reasonably be questioned). The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). The statutory guidance for recusal must also be read in light of a judge's "duty to sit" on cases filed with the court. See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995). The statute is not intended to give litigants a veto power over sitting judges, or as a vehicle for obtaining a judge of their choice. United States v. Cooley, 1 F.3d 985, 992-93 (10th Cir. 1993). Consequently, a judge should not recuse on unsupported, irrational or highly tenuous speculation. Hinman, 831 F.2d at 939 (citation omitted).

Here, defendant asserts that at sentencing, the undersigned judge became frustrated and "appeared to lose her patience entirely" and asked Mr. Dunbar if he was "crazy." Motion To Recuse Judge Vratil (Doc. #86 in No. 05-20113-01 and Doc. #603 in No. 10-20076-13) at 2. Defendant has taken a single word out of context of the relevant colloquy. At sentencing, defendant appeared to understand the basic legal concepts and the nature of the proceeding, but he claimed several times that he did not understand the plea agreement and asserted that he had mental disabilities. Transcript Of Sentencing And Revocation Hearing (Doc. #521) at 15. In response to the Court's repeated questions about his competence to go forward with sentencing, defendant gave evasive answers. Id. at 15-17. Defense counsel then noted that defendant was "very street savy," that he was "extremely adroit at moderately complex legal concepts," and that despite reading limitations, he is extremely bright and to a great degree, has the capability of understanding what is going on. Id. at 17. After the Court again asked defendant if he was mentally competent, defendant seemed to express some uncertainty about the meaning of the word "competent." Id. at 18. In response, the

Court stated: "Well, first of all, are you crazy? Do you have some mental disease or anything like that?" Id. In context, the Court was merely attempting to explain to defendant the meaning of legal competency. A reasonable person with access to the relevant facts would not conclude that the impartiality of the undersigned might be questioned.[2] Accordingly, the Court finds that recusal is not necessary.

## II.     Motion For Appointment Of Counsel

Defendant seeks appointment of counsel in connection with his Section 2255 motion. See 18 U.S.C. § 3006A(a)(2)(B) (court may appoint counsel for indigent person seeking relief under Section 2255 if interests of justice so require). In determining whether to appoint counsel, the Court considers the merit of the litigant's claims, the nature of the factual issues, the litigant's ability to present his claims and complexity of the claims. Williams v. Meese, 926 F.2d 994, 996 (10th Cir. 1991). For substantially the reasons stated in defendant's motion for appointment of counsel and based on the potential merit of his claims in his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84 in No. 05-20113-01 and Doc. #598 in No. 10-20076-13), the Court finds that counsel should be appointed to represent defendant.[3]

**IT IS THEREFORE ORDERED** that defendant's Motion To Recuse (Doc. #86 in No. 05-20113-01 and Doc. #603 in No. 10-20076-13) filed February 2, 2015 be and hereby is

---

[2]     In addition, under Section 455(b)(l), a judge must disqualify herself if she has a personal bias or prejudice concerning a party. The undersigned has no such bias or prejudice against defendant. See Liteky v. United States, 510 U.S. 540, 554-55 (1994) (bias and prejudice must come from extrajudicial source).

[3]     Defendant originally qualified for appointment of counsel because he was financially unable to obtain counsel. See 18 U.S.C. § 3006A.

**OVERRULED.**

**IT IS FURTHER ORDERED** that defendant's Motion For Appointment Of Counsel (Doc. #85 in No. 05-20113-01 and Doc. #599 in No. 10-20076-13) filed October 6, 2014 be and hereby is **SUSTAINED. The Court appoints Melody Evans, Assistant Federal Public Defender for the District of Kansas, to represent defendant in Case No. 05-20113-01 and Case No. 10-20076-13 in relation to his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84 in No. 05-20113-01 and Doc. #598 in No. 10-20076-13). On or before April 6, 2015, defendant may file a supplemental memorandum in support of his Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (Doc. #84 in No. 05-20113-01 and Doc. #598 in No. 10-20076-13). On or before May 11, 2015, the government may file a response. On or before June 15, 2015, defendant may file a reply.**

Dated this 9th day of February, 2015 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge